Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
North Las Vegas, NV 89032
(813) 714-3013
(714) 597-6729 facsimile
mhigbee@higbee.law

Attorney for Plaintiff,
TAMARA WAREKA p/k/a TAMARA WILLIAMS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>VALURE LASER & MED SPA, LLC, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **24-cv-12009**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tamara Wareka p/k/a Tamara Williams, by and through her undersigned counsel, brings this Complaint against Defendant VALURE LASER & MED SPA, LLC and DOES 1 through 10, inclusive, and alleges as follows:

### NATURE OF THE ACTION

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

### PARTIES

1. Plaintiff, Tamara Wareka p/k/a Tamara Williams ("Tamara Williams" or "Williams"), is an individual and professional photographer by trade.

1
COMPLAINT

2. Defendant, VALURE LASER & MED SPA, LLC ("Valure" or "Defendant") is a limited liability company duly organized and existing under the laws of the State of Illinois and doing business in the State of Illinois.

3. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of Illinois and the Defendant transacts business in the state of Illinois.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which the Defendant resides; a substantial part of the acts and omissions giving rise to the claims occurred, or a substantial part of property that is the subject of this action is situated in this judicial district, and/or this civil action arises under the Copyright Act of the United States and Defendant and it's agents can be found in this judicial district.

## FACTUAL ALLEGATIONS

*Plaintiff Tamara Williams*

7. Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

8. Williams' work has been featured in top publications such as Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

9. Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from her work without permission.

10. Williams is the sole author and exclusive rights holder to a photograph of a blonde woman with blue eyes, looking over her shoulder at the camera (the "Tess Photograph").

11. Attached hereto as Exhibit A is a true and correct copy of the Tess Photograph.

12. Williams registered the Hanna Photograph with the United States Copyright Office under Registration Number VA-2-116-918 with an Effective Date of Registration of August 23, 2018.

13. Attached hereto as Exhibit B is a true and correct copy of Copyright Registration Certificate VA-2-116-918 for the Tess Photograph.

14. On information and belief, Valure is a medical spa offering laser hair removal, injectables such as botox and fillers, IV therapy, and esthetic services in Vernon Hills, Illinois. *See generally* https://valurespa.com/.

15. Valure manages, operates, and controls the website https://valurespa.com/ ("Defendant's Website").

16. On information and belief, Defendant's Website generates content in order to promote Defendant(s)' products and services, attract social media followers and user traffic and generate profit and revenue for the company and its owner(s).

17. On or about September 28, 2024, Williams discovered her Tess Photograph copied and published on Defendant's Website on a webpage with information on "melasma treatment," ("Infringing Use").

18. Attached hereto as Exhibit C are true and correct screenshots from Defendant's Website showing the Infringing Use.

19. Valure, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Tess Photograph to Defendant's Website without Williams's consent or authorization.

20. Williams has never at any point given Valure a license or other permission to display, copy, distribute or otherwise use the Tess Photograph in the Infringing Posts on Defendant's Website or on any other website or platform.

21. Valure (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Tess Photograph to Defendant's Website without Williams's consent.

22. Defendant's use of the Tess Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Tess Photograph on Defendant's Website or in any other way.

23. Defendant's actions were deliberate and willful because Defendant should have known their use was infringing given they are party to another lawsuit, brought by Plaintiff Williams and currently pending before this Court ("Case No. 1:24-cv-01545"), wherein Plaintiff alleges another case of copyright infringement against Defendant.

24. The Infringing Use alleged herein began and/or continued within the pendency of Case No. 1:24-cv-01545.

25. Defendant knew or should have known their actions of using an unlicensed work on Defendant's Website constituted copyright infringement and/or

acted in reckless disregard for Plaintiff Williams rights as the copyright holder.

# CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

### 17 U.S.C. § 101 *et seq*

26. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Tess Photograph.

28. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Tess Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Tess Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Posts and failing to remove the Tess Photograph when notified of the misuse.

29. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

30. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

31. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

32. Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control—copied and uploaded the Tess Photograph to Defendant's Website without Williams's consent or authorization.

33. Valure (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Tess Photograph onto Defendant's Website because Valure knew it did not have permission to use the Tess

Photograph.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Tess Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: November 21, 2024

Respectfully submitted,

Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
North Las Vegas, NV 89032
(813) 714-3013
(714) 597-6729 facsimile
mhigbee@higbee.law

## **DEMAND FOR JURY TRIAL**

Plaintiff Williams hereby demands a trial by jury in the above matter.

Dated: November 21, 2024 Respectfully submitted,

Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave Ste 200
North Las Vegas, NV 89032
(813) 714-3013
(714) 597-6729 facsimile
mhigbee@higbee.law